Ilsley, J.
Amotion is made to dismiss the appeal in this-case, on several grounds, but the facts stated to sustain the motion do not appear in the record.
The appeal is regular in every respect, and the motion to dismiss is overruled.
The only evidence found in the record to sustain the judgment of the lower Court is the-promissory note sued on, purporting to have been signed by J.Levy, as agent for Mr. and Mrs. A. Levy, and the consideration of the note is stated to be for supplies for the Hope plantation. The defendants were interrogated on facts and articles—first, in relation to the genuineness of the signature of J.' Levy on the note ; and second, as to whether Jules Levy was the agent, and empowered to administer their Hope plantation, in the parish of Pointe Coupée. These taken for confessed, merely prove the signature of J. Levy, and that he was the agent, and empowered to administer the Hope plantation of the defendants.
The agent .had only general powers of administration, but no special authorization to sign the note for the defendants is shown. C. C. 2966, Nugent v. Hickey, 2 An. 358.
It is neither alleged nor proved, that the wife was separate in property from her husband, or that the debt inured to her separate benefit; on the contrary, the allegation that the note was given for supplies for a plantation belonging to Mr. and Mrs. Levy, show that it was a community debt, lá A. 712. ‘
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; and it is further ordered, adjudged and decreed, that judgment be and it is hereby rendered in favor of the defendants and against the plaintiff, as in case of .nonsuit, and that the plaintiff pay. the costs in. .both courts.